**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV-18-02468-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Defendant Commissioner of Social Security Administration's (hereinafter, "Defendant") Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 31). For the reasons set forth below, the Court will dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

On June 24, 2010, Plaintiff filed an application for disability benefits under Title II of the Social Security Act. (Doc. 31-1 at 3). Plaintiff's application was denied at the initial level on November 17, 2010, (Doc. 31-2 at 2–5), and at the reconsideration level on March 21, 2011, (Doc. 31-3 at 2–4). Following a hearing on December 9, 2011, the Administrative Law Judge (ALJ) issued a fully favorable decision on May 25, 2012, finding Plaintiff was disabled since February 22, 2009—her alleged onset date. (Doc. 31-4 at 2–14). That same day, on May 25, 2012, the Social Security Administration (SSA) issued a Notice of Decision to Plaintiff informing her that if she wished to appeal the fully favorable decision, she must file a request for review with the Appeals Council within 60

days from the date she received the Notice of Decision. (*Id.* at 2). The Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations at the SSA avers, however, that "[t]here is no record that the plaintiff requested Appeals Council review of the May 25, 2012 decision, and the Council has taken no action to review the decision on its own motion." (Doc. 31-1 at 3). The SSA sent Plaintiff a Notice of Award on June 29, 2012, notifying Plaintiff that she was entitled to monthly Title II benefit payments beginning August 2009. (Doc. 31-5 at 2).

On August 2, 2018, Plaintiff filed a civil action in this Court seeking review of a decision regarding disability insurance benefits under Title II of the Social Security Act. (Doc. 1 at 2).[1] Plaintiff claims that the Commissioner's factual findings are not supported by substantial evidence because "the record shows that Plaintiff's disability began June 1, 1998 and not that of the date the Commissioner found which is [] February 2009." (*Id.* at 3). In response to the question in the Complaint asking when Plaintiff received notice that the Commissioner's decision was final, Plaintiff wrote "unknown." (*Id.*). Plaintiff also did not attach to her Complaint any copy of the Commissioner's alleged final decision, nor a copy of any notice informing her that her appeal was denied by the Appeals Council. (*Id.*).

On February 22, 2019, Defendant filed a Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) (hereinafter, "Motion"). (Doc. 31). Defendant argues the Court does not have jurisdiction to review the SSA's decision under 42 U.S.C. § 405(g) because Plaintiff has failed to fully exhaust her administrative remedies. (*Id.* at 1–2). On March 22, 2019, Plaintiff filed a response (Doc. 36) to Defendant's Motion. Plaintiff's

---

[1] On August 2, 2018, Plaintiff filed another civil action in this Court also purporting to be an appeal of a denial of social security disability benefits: CV 18-2467-PHX-JAT. That case was dismissed without prejudice for failure to comply with court orders. On October 15, 2018, Plaintiff filed two additional civil actions in this Court again purporting to be appeals of denials of social security benefits: CV 18-3322-PHX-JAT and CV 18-3323-PHX-JAT. Finding that CV 18-3322 was duplicative of CV 18-2468 (the case at issue here), the Court dismissed CV 18-3322 without prejudice. Whereas Plaintiff seeks disability insurance benefits (SSDI) in the present action (CV 18-2468), CV 18-3323 seeks supplemental security income (SSI). "While the Court is skeptical that Plaintiff is properly pursuing SSI and SSDI benefits in separate cases," (Doc. 17) the Court nonetheless permitted both CV 18-2468 and CV 18-3323 to proceed for the time being.

response to Defendant's Motion does not address jurisdiction, nor discuss whether she exhausted her administrative remedies prior to filing her Complaint.[2] (*See* Doc. 36). Defendant did not file any reply in support of its motion.

**II. LEGAL STANDARD**

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or by the court. *See* Fed. R. Civ. P. 12(h)(3). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts.") (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Fenton v. Freedman*, 748 F.2d 1358, 1359 n.1 (9th Cir. 1984)). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must demonstrate that subject matter jurisdiction exists to defeat dismissal. *See id.*

When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.")).

**III. ANALYSIS**

The United States and its agencies, including the SSA, are immune from suit absent

---

[2] The operative Complaint in this matter is the Complaint filed on August 2, 2018 (Doc. 1). The Court struck Plaintiff's untimely Amended Complaint (Doc. 40) in its April 4, 2019 Order. (Doc. 41 at 1–2).

a waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[W]here a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919).

The Social Security Act provides the sole avenue for judicial review of any claim arising under the Act, including claims under Titles II and XVI. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). The remedy provision in section 405(g) provides, in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g) (emphasis added). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *see also Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).

The Social Security Act "does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). These SSA regulations provide that, "if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims*, 530 U.S. at 106–07. However, if the Appeals Council "denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107 (citing 20 CFR §§ 404.900(a)(4)-(5), 404.955,

404.981, 422.210(a) (1999)).[3] Finally, [i]f a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Id.* (citing 20 C.F.R. § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."); *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.* (citing *Salfi*, 422 U.S. at 765–66).

In her Complaint, Plaintiff alleges that she seeks review of a decision regarding Disability Insurance Benefits under Title II of the Social Security Act, thus contending jurisdiction is proper under 42 U.S.C. § 405(g). (Doc. 1 at 2). Defendant argues, however, that Plaintiff has not demonstrated that she received a final decision under the Act, which is a prerequisite for the Court's subject matter jurisdiction. (Doc. 31 at 5 ("Because Plaintiff did not timely file and did not receive a response to a request for review of the ALJ's decision, she did not receive a final, reviewable decision in conjunction with her 2010 application for Title II disability benefits.")). There is no evidence that a final decision has been reached regarding Plaintiff's 2010 application for Title II disability benefits. The

---

[3] The Social Security Regulations provide the procedural framework for seeking administrative review of disability claims and explain the claimant's right to judicial review after the claimant has "taken all the necessary administrative steps." 20 CFR § 404.900(a). The first step in the administrative review process is an initial determination, which is binding unless a claimant requests reconsideration of the initial determination at the second step. *Id.* §§ 404.900(a)(1)-(2), 404.905. If the claimant is dissatisfied with the reconsideration determination, then the third step requires that the claimant request a hearing before an ALJ. *Id.* § 404.900(a)(3). The ALJ's decision is binding if the claimant does not seek the fourth step of Appeals Council review within 60 days after she receives notice of the hearing decision. *Id.* §§ 404.900(a)(4), 404.955, 404.968(a)(1). The Appeals Council may deny the request for review, thus making the ALJ's decision final, or review the case and issue its own final decision. *Id.* §§ 404.900(a)(5) ("When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."), 404.955, 404.967, 404.981, 422.210(a). "The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner.]" *Califano v. Sanders*, 430 U.S. 99, 102 (1977).

record before the Court does not contain an Appeals Council's decision or denial of review, or even a completed "Request for Reconsideration" form indicating that Plaintiff had appealed the SSA's determination. Indeed, Defendant avers that the Commissioner of Social Security Administration has no record that Plaintiff ever requested Appeals Council review of the May 25, 2012 decision. (Doc. 31-1 at 3). Therefore, the Court finds that Plaintiff has failed to exhaust her administrative remedies because a final decision has not been reached by the SSA. Accordingly, the Court does not have subject-matter jurisdiction to hear this matter, and the Complaint must be dismissed pursuant to Defendant's Rule 12(b)(1) motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion and Memorandum in Support of Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 31) is **GRANTED**. This case is dismissed without prejudice to Plaintiff refiling, if appropriate, after her administrative remedies have been exhausted.[4] The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 9th day of April, 2019.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge

---

[4] It appears that any request for Appeals Council review of the May 25, 2012 may now be time-barred, as Plaintiff was required to request Appeals Council review of this decision within 60 days after she received the notice of the hearing decision. 20 C.F.R. § 404.968(a)(1); *see also id.* § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."); (Doc. 31-4 at 2 (Notice of Decision issued on May 25, 2012 notifying Plaintiff that if she wished to appeal the decision, she must file a request for review with the Appeals Council within 60 days from the date she received the Notice, which the Appeals Council assumes to be 5 days after the date of the Notice unless shown by Plaintiff that she did not receive the Notice within that 5 day period)).